**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4701**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LONNIE EDWARD MORRISON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (CR-94-97)

Submitted:  February 23, 2006          Decided:  March 1, 2006

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen C. Gordon, Assistant Federal Public Defender, Edwin C. Walker, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Christine Blaise Hamilton, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lonnie Edward Morrison appeals his sentence imposed upon a violation of his term of supervised release from his previous conviction on drug-related charges. Morrison ultimately was sentenced to 140 months' imprisonment on the underlying conviction, after the sentence was reduced by the district court based upon Morrison's substantial assistance. He now challenges the district court's imposition of a sentence of thirty months' imprisonment for his admitted violations of the terms of his supervised release.

According to the undisputed facts, Morrison's term of supervised release began in early September 2004, and he was ordered to participate in a drug-treatment program. He tested positive for cocaine use at the end of September 2004 and was required to spend five days in jail. In December 2004, following two additional positive urine screens, the court ordered Morrison to serve five weekends in jail. On May 24, 2005, the probation officer filed an amended motion to revoke Morrison's supervised release, alleging that Morrison had failed to: (1) notify her of a change of address; (2) attend substance-abuse treatment; (3) provide three urine screens; (4) report to the probation officer; and (5) find employment.

At his hearing, Morrison admitted that he committed the alleged violations, and he requested treatment for his cocaine problem. The district court stated that, while it had considered

the policy statement on revocation contained in Chapter Seven of the sentencing guidelines, it determined that Morrison's sentence should be thirty months' imprisonment to insure that Morrison could receive the intensive substance abuse treatment available to him while incarcerated, which would require a minimum of twenty-four months to complete. On appeal, Morrison contends that the sentence imposed by the district court was unreasonable, given the applicable sentencing guidelines policy statement.

This court reviews a sentence imposed by a district court as a consequence of a supervised release violation for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The sentencing ranges provided by U.S. Sentencing Guidelines Manual § 7B1.4, p.s., are purely advisory and do not bind the sentencing court. Davis, 53 F.3d at 672.

We find, given that the district court considered the guidelines prior to imposing sentence and imposed the thirty-month sentence so Morrison could receive the intensive substance abuse treatment he clearly needed and requested, the district court's sentence does not constitute an abuse of discretion. Accordingly, we affirm Morrison's conviction and sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED